Arielle I. Goren (SBN 331822)
arielle.goren@dinsmore.com
**DINSMORE & SHOHL LLP**
550 South Hope Street, Suite 1765
Los Angeles, CA 90071
Ph: (213) 335-7737
Fx: (619) 400-0501

Tianyu Ju (State Bar Number: 323817)
Email: iris.ju@glacier.law
**Glacier Law LLP**
251 South Lake Ave Suite 910
Pasadena, California 91101
Tel: 626.663.1199
Fax: 312.801.4587

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| Shantou Juhe Home Furnishings Co., Ltd., Shantou Mengxiang Home Furnishings Co., Ltd., Jieyang Juxiaonian Trading Co., Ltd., and Guangzhou Nafenai Trading Co., Ltd.<br><br>Plaintiffs,<br><br>v.<br><br>dbest products, Inc.<br><br>Defendant. | Case No. 2:25-cv-00350-MEMF-KS<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>1. **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '576 PATENT**<br>2. **DECLARATORY JUDGMENT OF INVALIDITY OF ONE OR MORE CLAIMS OF THE '576 PATENT**<br><br>Judge: Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Karen L. Stevenson<br><br>Jury Trial Demand<br><br>Complaint filed: January 13, 2025 |

This is an action brought under the Declaratory Judgment Act by Plaintiffs Shantou Juhe Home Furnishings Co., Ltd. d/b/a JH.HOME ("JH.HOME"), Shantou Mengxiang Home Furnishings Co., Ltd. d/b/a Meng.Home ("Meng.Home"), Jieyang Juxiaonian Trading Co., Ltd. d/b/a JXN.store ("JXN.store"), and Guangzhou Nafenai Trading Co., Ltd. d/b/a S.BStore ("S.BStore") (collectively, "Plaintiffs"), against Defendant dbest products, Inc. ("Defendant" or "dbest"), seek a declaration that Plaintiffs' Storage Bins (the "Accused Product(s)" or "Storage Bin(s)") does not directly or indirectly infringe United States Patent No. 12,103,576 (the "'576 Patent"), either literally or under the doctrine of equivalents, and/or that the '576 Patent is invalid. Upon actual knowledge with respect to themselves and their acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

## INTRODUCTION

1. Plaintiffs received notices from Amazon.com, stating that Plaintiffs' Storage Bins were removed from Amazon's online marketplace because of the alleged infringement of the '576 Patent. The notices from Amazon sent to Plaintiffs are attached hereto as **Exhibits A, B, C, D, and M.** Amazon also notified Plaintiffs that they need a court order stating that Plaintiffs are allowed to sell the removed products to reactivate their listings. Defendant's objectively baseless infringement complaints to Amazon have caused and continue to cause significant harm to Plaintiffs as the Accused Products have been removed from Amazon and Plaintiffs will lose all associated goodwill in the listings, not to mention lost sales. The alleged infringement notice to Amazon is wholly without merit, as the Accused Products do not meet each and every limitation of any claim under the '576 Patent. Furthermore, the '576 Patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

///

# NATURE OF THE ACTION

2.     This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiffs as the Accused Product have been removed from Amazon through the enforcement of the '576 Patent.

3.     This is also an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '576 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

# PARTIES

4.     Plaintiff Shantou Juhe Home Furnishings Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business at Room 38, Unit 806, Building 3, Baoneng Times Bay, No. 1 Shangang Road, East Coast New City, Longhu District, Shantou City, China. Plaintiff does business in this District through on-line marketplace, Amazon, using the name, JH.HOME.

5.     Plaintiff Shantou Mengxiang Home Furnishings Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business at Room 37, Unit 806, Building 3, Baoneng Times Bay, No. 1 Shangang Road, East Coast New City, Longhu District, Shantou City, Guangdong Province, China. Plaintiff does business in this District through on-line marketplace, Amazon, using the name, Meng.Home Direct.

6.     Plaintiff Jieyang Juxiaonian Trading Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business at No. 86, North Second Alley, Erwei Canal, Tangpu Village, Fengmei, Konggang Economic Zone, Jieyang City, Guangdong Province, China. Plaintiff

does business in this District through on-line marketplace, Amazon, using the name, JXN.store.

7. Plaintiff Guangzhou Nafenai Trading Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business at Rooms 1101, 1102, 1103, 1104, 1105, No. 122-1, Huangpu Avenue West, Tianhe District, Guangzhou, China. Plaintiff does business in this District through on-line marketplace, Amazon, using the name, d/b/a S.BStore.

8. Upon information and belief, Defendant dbest products, Inc. is a corporation organized and existing under the laws of the State of California and maintains a place of business at 16506 S AVALON BLVD CARSON, CA 90746. Defendant is registered as the applicant and assignee of the '576 Patent.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq*.

10. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiffs, as their listings for the Accused Products have been removed from Amazon through the enforcement of the '576 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

11. This Court has personal jurisdiction over Defendant because it is incorporated in California, has a principal place of business in California, and maintains substantial and continuous business operations in California.

12. Venue is proper in this district pursuant to at least 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claim occurred in this District. At issue in this action is whether Plaintiffs commit acts of infringement in the United States and

whether products made, sold, offered for sale, used and/or imported into the United Sates by Plaintiffs infringe the '576 Patent. Defendant is incorporated and has its principal place of business in this District and the allegedly infringing activities have occurred in this District.

## THE ACCUSED PRODUCTS

13. On or about December 9, 2024, Plaintiff JH.HOME received a Notice from Amazon stating that certain ASINs: B0D2NMW6WP, B0DJ2QJTN8, B0D2NP37TX, B0DJ2S2J3X, B0DKTHJ5HX, B0DNMFNBB4, and B0DP2M5JVP were removed due to a patent infringement complaint for the '576 Patent filed by the Defendant. ***See* Exhibit A**.

14. Upon information and belief, Plaintiff JH.HOME's following Amazon ASINs were also delisted due to the alleged patent infringement complaint filed by Defendant for the '576 Patent: B0D1KJ5CCD, B0D1KJPGWT, B0D1KJGFRF, B0DNQFMM13, B0DJNYF6DY, B0DNQH6BTW, B0DJNYMMM9, B0DNQFP393, B0DJNZCC8D. ***See* Exhibit B**.

15. On or about December 20, 2024, Plaintiff Meng.HOME received a Notice from Amazon stating that certain ASINs, B0DPWWGYZS, B0DPWY84W3, and B0DPWXX29P were removed due to a patent infringement complaint for the '576 Patent filed by the Defendant. ***See* Exhibit C**.

16. On or about November 26, 2024, Plaintiff JXN received a Notice from Amazon stating that certain ASINs, B0CBMNTRCR, B0CBMKQ37R, B0CBMMY5H8, B0CBML467H, B0CBMLM355, and B0CBMM3LLQ were removed due to a patent infringement complaint for the '576 Patent filed by the Defendant. ***See* Exhibit D**.

17. On or about December 5, 2024, Plaintiff S.BStore received a Notice from Amazon stating that certain ASINs, B0BZCYGGP2, B0BZCZ9FC3, and B0BZCYSFD7 were removed due to a patent infringement complaint for the '576 Patent filed by the

Defendant. *See* **Exhibit M**.

18. In the Notices, Amazon informed Plaintiffs that the email address of the rights owner for the '576 Patent was kpereira@dbestproducts.net. The alleged infringement type is Utility Patent and the IP asserted is 12,103,576. ***See* Exhibits A, B, C, D, and M**.

19. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Storage Bins, Plaintiff needs its products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Storage Bins from the marketplace, preventing Plaintiff from accessing its largest channel of trade because of Defendant's infringement complaint. Thus, Defendant's submission of Amazon infringement complaints has caused and continues to cause immediate and irreparable harm to Plaintiffs.

## U.S. PATENT NO. 12,103,576

20. The face of the '576 Patent lists Defendant as the applicant and assignee of the patent. *See* **Exhibit E**.

21. The '576 Patent is entitled "STACKABLE COLLAPSIBLE CARTS" and generally discloses "a collapsible cart configured to transition from a closed condition where it may be folded up to an open condition where it may be expanded for use, the collapsible cart including a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall may be configured to fold inwardly in the closed condition." **Exhibit E**, at Abstract.

22. The '576 Patent was issued on October 1, 2024. The '576 Patent has three independent claims and 15 dependent claims. *See* **Exhibit E.**

/ / /

/ / /

# COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '576 PATENT)

23. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

24. An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant concerning the non-infringement of the '576 Patent by the Storage Bins, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '576 Patent.

25. Plaintiffs' Storage Bins do not infringe any of the presumably valid claims of the '576 Patent, as the Storage Bins fail to meet one or more elements of independent claims 1, 11, and 15 of the '576 Patent.

26. Claim 1 of the '576 Patent recites:

> A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:
>
> a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition; the right sidewall comprising a first right panel rotatably coupled to a second right panel; the second right panel proportioned to fit within an opening in the first right panel;
>
> a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and
>
> **a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to a closed position to selectively lock the first right panel to the second right panel**, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and

second right panel.

27. Claim 11 of the '576 Patent recites:

A cart comprising:

> a rigid frame forming a compartment in an open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel and, the second right panel comprises a ribbed wall with a plurality of ribs; and
>
> **a first lock assembly integrated with the first right panel and the second right panel**, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

28. Claim 15 of the '576 Patent recites:

A stackable collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the stackable collapsible cart comprising:

> a rigid frame forming a compartment in the open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel;
>
> **a first lock assembly integrated with the first right panel and the second right panel**, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel;
>
> a wheel assembly coupled to the bottom wall of the cart, the first wheel assembly having a first vertical axis; and
>
> a rigid top cover conforming in shape to a top opening of the compartment, the rigid top cover securely fits in a first position over the top opening to serve as a cover on top of the collapsible cart, the rigid top cover securely fits in a second position when the right sidewall and left sidewall fold inwardly in a closed condition, wherein the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

29. Plaintiff's Storage Bin does not directly or indirectly infringe the '576 Patent, either literally or under the doctrine of equivalents, at least because Plaintiff's Storage Bin lacks, and does not require, the sliding locking mechanism recited in claims 1, 11, and 15, as illustrated in **Chart 1** below:

**Chart 1**





30. For example, Plaintiff's Storage Bin lacks, and does not require, the sliding locking mechanism recited in claim 1 (achieved through the interaction between the track and the slideable member). Instead, the closing of the side door(s) of Plaintiffs JH.HOME's, Meng.Home's, JXN.store's Storage Bins is entirely based on magnetic attraction. Specifically, each side door (panel) of Plaintiff's Storage Bin is equipped with a magnetic object (ferromagnetic metal or another magnet), while the corresponding side bin frame is equipped with a matching magnet. The magnetic object and the magnet pair together to achieve attraction, thereby securing the side doors of Plaintiff's Storage Bin. Once a user applies external force to pull any side door outward, the magnetic attraction

is broken, and the side door is opened. Further, Plaintiff S.BStore's Storage Bin achieves the opening and closing action of the storage bin door solely through a snap-fit structure.

31. Therefore, at least regarding the locking mechanism, the difference between Plaintiffs' Storage Bins and claim 1 is substantial, as their locking mechanisms (ways) are completely different. Consequently, under both the literal interpretation and the doctrine of equivalents, Plaintiffs' Storage Bins do not infringe the presumably valid claim 1 of the '576 Patent.

32. Likewise, since the presumably valid independent Claim 1 of the '576 Patent is not infringed, neither are the remaining dependent claims 2-10. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

33. For the same reasons, since Plaintiffs' Storage Bins lack, and do not require, the sliding locking mechanism recited in claims 1, 11, and 15 of the '576 Patent, Plaintiffs' Storage Bins do not infringe any of the presumably valid claims of the '576 Patent, under both the literal interpretation and the doctrine of equivalents. **See Exhibits F, G, H, I, and N** for detailed non-infringement contentions concerning each product.

34. Defendant's baseless infringement reports on the Amazon platform have caused an imminent and real threat of an infringement lawsuit. Plaintiffs have also suffered significant damages because their listings were removed by Amazon.

35. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Accused Products do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '576 Patent.

/ / /

/ / /

# COUNT II

## (DECLARATORY JUDGMENT OF INVALIDITY OF ONE OR MORE CLAIMS OF THE '576 PATENT)

36. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

37. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '576 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

38. The claims of the '576 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, at least in view of the prior art cited herein, *see* **Exhibit J**, as well as any additional prior art that may come to light during this litigation.

39. By way of example and not limitation, at least the Chinese Patent Publication No. CN112918890A, entitled "A storage module" to Song ("Song"), by itself or in combination with other prior art, anticipates and/or renders obvious claims 1-18 of the '576 Patent. Song was filed on February 1, 2021, and was published on June 8, 2021. A copy of Song is attached hereto as **Exhibit K**.

40. In addition to Song and by way of further example and not limitation, U.S. Patent Publication No. 2002/0171228, in combination with Song, anticipates and/or renders obvious claims 1 through 18 of the '576 Patent. U.S. Patent Publication No. 2002/0171228 is entitled "Accessories for a collapsible rolling caddy" to Darren ("Darren"). Darren was filed on July 03, 2002, and was published on November 21, 2002. A copy of Darren is attached hereto as **Exhibit L**.

41. All the claims of the '576 Patent are anticipated and/or rendered obvious by the prior art listed above or their combinations.

42. Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Plaintiff has also suffered significant damages because its listings were removed by Amazon.

43. A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding the validity of the '576 Patent.

44. Plaintiffs seek a declaratory judgment that the claims of the '576 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

45. Plaintiffs are also entitled to recover damages caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. For judgment in favor of Plaintiffs against Defendant on all claims.

B. Declaring that Plaintiffs' Storage Bin do not infringe any of the claims of the '576 Patent;

C. Declaring that the claims of the '576 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiffs' Storage Bin based on the '576 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

E. Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney.

F. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

/ / /

G. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: May 2, 2025

**DINSMORE & SHOHL LLP**

By: /s/ Arielle I. Goren
Arielle Goren
Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on May 2, 2025, a true copy of this document was served by electronic mail upon all registered CM/ECF users as indicated below:

**Tianyu Ju** - iris.ju@glacier.law, info@tylawgp.com, tianyu@tylawgp.com, dandan.pan@glacier.law, 1465644420@filings.docketbird.com, li.yang@glacier.law, joyce.ji@glacier.law, wei.wang@glacier.law

On May 2, 2025, a true copy of this document was served by email via ELECTRONIC TRANSMISSION in compliance with an agreement with all parties. I caused this document to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My email address is Arielle.goren@Dinsmore.com. A copy of the sent email will be maintained with the original document(s) in our office. (Fed. R. Civ. P. 5.):

**Ehab M. Samuel** - esamuel@orbitip.com
**Dave Randall** - dave@orbitip.com
Attorneys for Defendant dbest Products, Inc.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: May 2, 2025        **DINSMORE & SHOHL LLP**

                          By: /s/ Arielle I. Goren
                              Arielle Goren
                              Attorney for Plaintiffs